# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

+1 212 839 6062
ELANA.SOMERS@SIDLEY.COM

November 14, 2024

**By ECF**

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  *Pania v. Crunch Holdings, LLC*
>       Case No. 1:24-cv-07127-MKV
>       <u>Rule 4.A(i) Request for Pre-Motion Conference (Motion to Compel Arbitration)</u>

Dear Judge Vyskocil:

We represent Defendants in the above-captioned matter. Pursuant to Rule 4.A(i) of the Court's Individual Rules of Practices in Civil Cases, we write to request a pre-motion conference with the Court and to request that Defendants be permitted, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to file their Motion to Compel Arbitration and Stay Proceedings (the "Motion"). Plaintiffs have said that they intend to oppose the relief Defendants seek in the Motion.

Plaintiffs are suing the three Defendants in this case—collectively referred to as "Defendants" or "Crunch" throughout the First Amended Complaint—for vicarious or derivative liability for calls Plaintiffs allegedly received in violation of the Telephone Consumer Protection Act. But Plaintiffs are both members of Crunch Fitness franchises, and in their membership agreements, they agreed to resolve any disputes with Crunch by individual, binding arbitration (the "Arbitration Agreement"). They also voluntarily waived their right to a jury trial or to participate in a class or collective action.

The parties have conferred extensively regarding Defendants' intended Motion. Defendants have voluntarily provided Plaintiffs with, among other things, copies of their respective membership terms and conditions, screenshots of the webpages where these terms and conditions were clearly and conspicuously disclosed when they agreed to their membership agreements, and the dates of Plaintiffs' visits to the Crunch website, www.crunch.com (the "Website"). At the time of this letter, the parties are still discussing whether Defendants can provide other materials to avoid filing the Motion, but Plaintiffs presently oppose the Motion.

Defendants' position is that the Arbitration Agreement in the Plaintiffs' membership agreements is clearly enforceable under well-settled law. Here, both Plaintiffs signed up for their membership on the Website, where the membership terms and conditions were clearly and conspicuously disclosed and hyperlinked:

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

Plaintiffs both clicked on the button next to "I agree to the **Membership Terms & Conditions**," which appeared in bold and blue to show that it they were hyperlinked terms where, by clicking anywhere on that language, Plaintiffs were able to review the terms and conditions of their membership (which may differ slightly depending on which franchise a member is joining) before agreeing to that membership. This information has already been provided to Plaintiffs' counsel and will be supported by sworn declaration when the Motion is filed. The full webpage for the screenshot shown above and the "Membership Terms & Conditions" available to the Plaintiffs via hyperlink are appended as exhibits here.

The Second Circuit has held that "clickwrap" agreements that demonstrate assent by an "electronic" click, like the agreement here, are enforceable. *See Meyers v. Uber Technologies, Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) ("Courts routinely uphold clickwrap agreements for the principal reason that the user has affirmatively assented to the terms of agreement by clicking 'I agree.'"). District courts in New York routinely enforce such agreements. *See, e.g., Coe v. Coca-Cola Company*, 702 F. Supp. 3d 140, 156-57 (W.D.N.Y. 2023) (enforcing clickwrap agreement); *Whitt v. Prosper Funding LLC*, 2015 WL 4254062, at *4 (S.D.N.Y. July 14, 2015) (same); *Fteja v. Facebook, Inc.*, 841 F.Supp.2d 829, 837 (S.D.N.Y. 2012) (collecting cases).[1]

Here, the evidence will show that Plaintiffs unambiguously assented to the Arbitration Agreement, and that "the scope of that agreement encompasses the claims at issue." *Exxonmobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 175 (2d Cir. 2022). First, although Plaintiffs appear to be pursuing some sort of derivative or vicarious liability theory by conflating the three Defendants, the membership agreements apply to both Crunch and to its affiliates. *See* Ex. B at 16-17 (referring to disputes with "Crunch (or its affiliates)"); Ex. C at 6-7 (referencing any dispute with "Crunch Fitness"). Given that Plaintiffs are expressly alleging that Defendants together "tightly and systematically control, govern, and direct, in a uniform manner, the marketing activities of all Crunch franchisees," Am Compl. ¶ 34, Plaintiffs would be estopped from denying Defendants their rights under the Arbitration Agreement. *See Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.,* 9 F.3d 1060, 1064 (2d Cir. 1993) (plaintiff was estopped from accepting benefits of an agreement but then denying applicability of the arbitration clause); *A/S Custodia v. Lessin Int'l,*

---

[1] The parties' agreements include a choice of law provision for Texas law, which is in accord on all points. *See, e.g. Martinez v. Experian Info. Solutions, Inc.*, 2024 WL 3906775, at *2 and n.18 (N.D. Tex. Aug. 22, 2204) ("Courts within Texas routinely enforce agreements that are acknowledged in this [clickwrap assent] manner."); *May v. Expedia, Inc.*, 2018 WL 4343445, at *3 (W.D. Tex. July 19, 2018) (same).

# SIDLEY

Page 3

*Inc.*, 503 F.2d 318, 320 (2d Cir. 1974) (agency principals may bind parties to an arbitration agreement).

Second, both agreements, as reflected in the highlighted appendices, broadly cover ***any*** dispute between the Parties, including any dispute arising out of or relating to the membership agreements, both of which expressly include consents to receive calls. *See* Ex. B at 16-17; Ex. C at 6-7. In both agreements, in fact, Plaintiffs agree to receive calls from Crunch, so this dispute— and Plaintiffs' argument that they did not consent to the calls—plainly arises out of their membership agreements. Thus, Plaintiffs' allegations plainly fall within the scope of the Arbitration Agreement. Regardless, both agreements also expressly delegate any questions regarding the scope of arbitrability of a dispute to the arbitrator, and thus arbitration must be compelled for that reason as well. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019).[2]

To the extent that the Court deems a pre-motion conference unnecessary, Defendants will be prepared to file their Motion to Compel Arbitration by November 25, 2024, or any date thereafter so ordered by the Court. Defendants otherwise respectfully request that the Court otherwise adjourn any other deadlines for Defendants' response to the pleading or relating to the matter until the Court has an opportunity to hear and resolve the threshold issues raised by the Motion. Defendants otherwise respectfully reserve and do not waive their rights to arbitration.

Respectfully submitted,

By: */s/ Elana H. Somers*
Elana H. Somers
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email: elana.somers@sidley.com

Ian M. Ross (*pro hac vice* forthcoming)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Miami, FL 33131
Telephone:  (305) 391-5100
Facsimile:  (305) 391-5101
Email: iross@sidley.com

*Counsel for Defendants*

cc:    All counsel of record (via ECF)

---

[2] The parties also agreed to use AAA rules that delegate questions of scope of arbitrability to the arbitrator. *See, e.g.,* Rule 7(a), AAA Commercial Arbitration Rules ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.").