# HEDIN LLP

| | |
|---|---|
| 1395 Brickell Avenue, Suite 610 | **Elliot O. Jackson** |
| Miami, Florida 33131-3353 | (305) 357-2107 |
| www.hedinllp.com | ejackson@hedinllp.com |

November 19, 2024

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Pania et al. v. Crunch Holdings, LLC*, **No. 1:24-cv-7127-MKV**

Dear Judge Vyskocil:

On behalf of Plaintiffs Camille Pania and Rashiya Al-Nurridin ("Plaintiffs"), I write in response to Defendants Crunch Holdings, LLC, Crunch Franchising, LLC, and Crunch, LLC's ("Defendants") pre-motion letter dated November 14, 2024.  *See* ECF No. 18.  Plaintiffs will oppose Defendants' forthcoming motion to compel arbitration and separately seek leave to conduct discovery on related subjects.

As a threshold issue, Defendants submit two different membership agreements as exhibits to their letter motion.  *See* ECF Nos. 18-2 & 18-3 ("Exs. B & C").  Defendants do not specify which membership agreement was purportedly signed by which named plaintiff.  *See* ECF No. 18. Based upon correspondence with Defendants' counsel, however, Plaintiffs understand that the membership agreement marked as Exhibit B was purportedly signed by Plaintiff Al-Nurridin, and the one marked as Exhibit C was purportedly signed by Plaintiff Pania.

The arguments presented below pertain to the membership agreement marked as Exhibit C and purportedly signed by Plaintiff Pania.  Plaintiffs are awaiting additional correspondence from Defendants regarding contract formation issues with respect to Plaintiff Al-Nurridin and do not presently take a position on the motion to compel arbitration with respect to her claim.

With respect to Plaintiff Pania's claim, however, the purported arbitration agreement is plainly not enforceable as to the Telephone Consumer Protection Act ("TCPA") claim asserted in this action, as more fully explained below.[1]

### 1. The Membership Agreement is Void for Indefiniteness

First, Plaintiff Pania's Membership Agreement is void for indefiniteness. An enforceable and legally binding contract only exists if it is sufficiently definite, certain, and clear in its essential

---

[1] As used hereinafter, the term "Membership Agreement" refers to the membership agreement attached as Exhibit C to Defendants' letter motion.  *See* ECF No. 18, Ex. C.

terms. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000); *Cobble Hill Nursing Home v. Henry & Warren Corp.*, 74 N.Y.2d 475, 548 (1989). The identity of the parties is an essential term. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010); *Pludeman v. N. Leasing Sys., Inc.*, 10 N.Y.3d 486, 489 (2008). Without knowing the parties' identities, courts are unable to determine the "basic obligations of the parties" and the purported contract is void. *See, e.g.*, *American Jereh v. Ronald Clarke*, Appellee, No. 01-22-00798-CV, 2024 WL 4594832, at *12 (Tex. App.—Houston [14th Dist.] 2024).

The Membership Agreement is void because it does not identify the parties to the purported contract. Specifically, it does not identify any counter-party to Plaintiff Pania. In some places, it refers to "the Club," but it never defines any individual or legal entity described by this term. *See, e.g.*, Ex. C at 5. In other places, it refers to "Crunch," "crunch," "CRUNCH," "Crunch Fitness," and "Crunch Allen." *See id*. at 2, 4, 5, 7, 8. But those are not the names of natural or legal persons and their meaning is entirely ambiguous. These names could refer to a franchisee, an individual owner, one of the Defendants, or something else entirely. Because the Membership Agreement does not establish who (or what entity) is allegedly bound as the counterparty to the joining member, this Court will be unable to ascertain the "basic obligations" conveyed by the instrument and therefore cannot possibly enforce its terms. *See, e.g.*, *Range v. Calvary Christian Fellowship*, 530 S.W.3d 818, 830 (Tex. App.—Houston [14th Dist.] 2017) (upholding a trial court's finding that contract was void where it did not identify a counter-party).

2. **Defendants Are Not Beneficiaries of the Arbitration Clause**

Even if the Membership Agreement is enforceable—and the Court finds that Defendants are *not* parties to that contract—the arbitration provision does not inure to Defendants' benefit.

It is true that "under certain circumstances, principles of contract law and agency may bind a non-signatory to an arbitration agreement," *see In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005), but Defendants cannot establish that the arbitration provision in the Membership Agreement covers disputes with them under any theory. The purported parties did not intend to secure a benefit for Defendants (dispelling any third-party beneficiary theory), the asserted claims can stand independently of the underlying contract (dispelling any equitable estoppel theory), and no purported party to the contract maintains an agency relationship with Defendants (dispelling any agency theory). *See, e.g.*, *Lincoln Fin. Advisors Corp. v. Ards as next friend of Ards*, No. 03-18-00437-CV, 2019 WL 6907074, at *3 (Tex. App.—Austin 2019).

On the contrary, the Membership Agreement makes clear that it does not, in any way, bind or inure to the benefit of Defendants. It provides: "NEITHER CRUNCH, LLC NOR ANY RELATED ENTITY IS CONTRACTUALLY OR OTHERWISE LIABLE TO YOU AS THE CLUB IS SOLELY LIABLE FOR THE DEBTS AND OBLIGATIONS OF THIS FACILITY AND FITNESS CENTER OPERATION." Ex. C at 8. Defendants cannot have it both ways, exempting themselves from liability under the Membership Agreement, and then invoking it to compel arbitration when called to answer for actions well beyond the instrument's scope.



### 3. The Membership Agreement Does Not Apply Retroactively

Even if the Membership Agreement is enforceable and its arbitration provision inures to the Defendants' benefit, the arbitration provision does not apply to Plaintiff Pania's claim because the unconsented prerecorded call that violated the TCPA occurred months before the Membership Agreement was executed. Because the arbitration provision contains a temporal limitation, explicitly providing that it applies only to disputes related to the Membership Agreement, it does not apply retroactively to Plaintiff Pania's claim.

When determining whether a dispute is arbitrable, courts in the Second Circuit must answer two questions "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (Wesley, J.). If the Court concludes that the parties did agree to arbitrate, it must still find that the claims at issue in this action are within the temporal and substantive scope of that agreement. *See id*. A comparison of the temporal limitation in the arbitration provision and the timing of the call received by Plaintiff Pania indicates that her claim falls outside the arbitration provision's limited temporal scope.

Plaintiff Pania received the violative call on October 6, 2023. ECF No. 12, ¶¶ 6, 10. In correspondence between counsel, Defendant has represented that Plaintiff Pania did not sign the Membership Agreement until January 2, 2024—nearly three months later. The arbitration provision captures only "any dispute, controversy, or claim arising out of or relating in any way to the Membership Agreement." Ex. C at 8. It is therefore impossible for the telemarketing call, which advertised a gym membership, to arise out of or relate to the Membership Agreement— which had not yet been signed at the time of the call. *See Holick*, 802 F.3d 391, 394; *Khowala v. Vivint Smart Home, Inc.*, No. 23 CIV. 1068 (AT), 2024 WL 3638265, at *4 (S.D.N.Y. Aug. 1, 2024); *Faroque v. Park W. Exec. Servs.*, No. 15 CV 6868 (DLI), 2016 WL 11264720, at *8 (E.D.N.Y. Sept. 7, 2016), *report and recommendation adopted*, No. 15CV6868DLICLP, 2017 WL 1214482 (E.D.N.Y. Mar. 31, 2017).

### 4. The Claims Asserted in this Action Are Beyond the Scope of the Arbitration Provision

Finally, the TCPA claims asserted in this action are well beyond the substantive scope of the arbitration provision. As noted above, the arbitration provision is limited to claims arising out of or relating to the Membership Agreement. *See* Ex. C at 8. It is well recognized that TCPA claims are not covered by narrow arbitration provisions in consumer contracts very similar to the purported contract at issue here. *See Borecki v. Raymours Furniture Co.*, No. 17CV01188LAKSN, 2017 WL 5900288, at *5 (S.D.N.Y. June 21, 2017), *report and recommendation adopted*, No. 17-CV-1188 (LAK), 2017 WL 5953172 (S.D.N.Y. Nov. 28, 2017); *accord Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 190 (2d Cir. 2021) (Carney, J.); *Ji Dong Cheng v. HSBC Bank USA, N.A.*, 467 F. Supp. 3d 46, 52 (E.D.N.Y. 2020).

For the foregoing reasons, Defendant's forthcoming motion to compel should be denied.



Page 4

        Respectfully submitted,

        **HEDIN LLP**

        <u>s/ Elliot O. Jackson</u>

        Elliot O. Jackson
        Hedin LLP
        1395 Brickell Avenue, Suite 610
        Miami, Florida 33131
        Phone: (305) 357-2107
        Email: ejackson@hedinllp.com

        *Counsel for Plaintiffs and the Putative Class*

        Cc: Counsel of Record via CM/ECF